**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**
**April 23, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AMERICAN MEDICAL FACILITIES MANAGEMENT,**
**Employer Below, Petitioner**

**vs.)    No. 19-1174** (BOR Appeal No. 2054251)
                    (Claim No. 2018026344)

**CAROL PARSONS,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner American Medical Facilities Management, by Counsel James W. Heslep, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Carol Parsons, by Counsel Thomas D. Hall, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on June 1, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its May 2, 2019, Order and held the claim compensable for head injury and abrasions to the left knee and left elbow. The Order was affirmed by the Board of Review on November 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

. . . . (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue

1

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. West Virginia Off. of Ins. Comm'r*, 235 W.Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. West Virginia Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Parsons, a nurse, was injured on May 29, 2018, when she fell while walking to lunch. She sought treatment immediately following the injury and was seen by Joseph Duvert, M.D. Dr. Duvert noted that Ms. Parsons presented to the emergency room after falling in the hospital tunnel an hour prior. Ms. Parsons was diagnosed with acute head injury and left knee and elbow abrasions. In the Emergency Department record, it was noted that Ms. Parsons reported that she fell in the hospital tunnel but was not sure how she fell. She stated that she did not trip on anything.

The Employees' and Physicians' Report of Injury was completed that day and stated that Ms. Parsons injured her head, left elbow, and left knee when she fell at work. She reported that she was walking through a tunnel, headed to lunch, when her feet "got stuck" and she fell to the ground. She was seen at Grafton City Hospital that day and diagnosed with a head injury and contusions of the left elbow and left knee. Ms. Parsons also completed an incident report that day in which she stated that she was injured while walking to lunch. Her feet "got stuck" and she fell to the ground. The Employer's Report of Injury indicates Ms. Parsons injured her head, left elbow, and left knee when she fell while walking to lunch. The employer stated that it had reason to question the injury.

On May 30, 2018, the employer completed an insurance company Employee Injury Report in which it was noted that Ms. Parsons reported that she was walking to lunch while talking to coworkers when her feet got stuck and she fell. The employer stated that it had reason to question the injury but did not elaborate. The claims administrator rejected the claim on June 1, 2018, stating that the injury did not occur in the scope of or resulting from Ms. Parsons's employment.

In a July 2, 2018, statement, Virginia Padgett, RN, stated that she responded to Ms. Parsons's fall. When she arrived on the scene, Ms. Parsons stated to Ms. Padgett that she stumbled and fell. Ms. Padgett stated that there was nothing on the tunnel floor. Ms. Parsons sought treatment from Chris Vasilakis, M.D., on July 2, 2018, for left knee pain. She reported that she fell at work five to six weeks prior. A left knee MRI was performed and showed significant degenerative and meniscal changes. It was noted that Ms. Parsons underwent an arthroscopy two years prior which showed advanced arthritis. Dr. Vasilakis diagnosed continued significant left knee arthritic pain. Ms. Parsons had failed conservative treatment, so a total left knee arthroscopy was scheduled. In

an October 10, 2018, statement, Ms. Parsons reported that on May 29, 2018, she was walking, on her way to lunch, when she slipped and fell. She stated that she saw water on the floor and believed that was why she slipped.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for head injury and abrasions of the left knee and left elbow on May 2, 2019. Pursuant to West Virginia Code § 23-4-1, employees who receive injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be (1) a personal injury (2) that was received in the course of employment, and (3) it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Ms. Parsons argued before the Office of Judges that the injury occurred in the scope of her employment because she was on a work-mandated lunch break on company property when her fall occurred. She stated that she was on the way to a company lunchroom when her injury occurred. Ms. Parsons asserted that walking to lunch did not constitute a deliberate excursion from her employment.

The employer argued before the Office of Judges that this case is analogous to *Williby v. OIC and First Century Bank*, 224, W. Va. 358, 686 S.E.2d 9 (2009), in which this Court found that an employee who was injured walking across a street to get lunch did not sustain a compensable injury. The Office of Judges found that the case at bar is distinguishable from *Williby*. In *Williby,* the claimant made the decision to walk across the street to pick up lunch. She was not on the employer's premises at the time of her injury. In the case at issue, Ms. Parsons was injured on the employer's premises while walking to a lunchroom provided by the hospital. Though Ms. Parsons's allegation that she fell on a wet floor is in dispute, the Office of Judges found that she showed by a preponderance of the evidence that she was injured in the course of and resulting from her employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 22, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Parsons has shown by a preponderance of the evidence that she sustained an injury in the course of and resulting from her employment. Ms. Parsons was within the scope of her employment when she slipped and fell while walking to an employer owned breakroom for a mandated lunch break. The decision of the Board of Review is therefore affirmed.

Affirmed

**ISSUED:** April 23, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton